# PETER SMITH
## v.
## JOHN J. CULTON

1. PROMISSORY NOTE—DILIGENCE OF MAKER.—In a suit by an innocent assignee before maturity upon a note, where the defense alleged is fraud and circumvention in procuring the execution of the note, the exercise of due diligence and attention on the part of the maker to protect himself against imposition is a necessary element in the defense relied upon.

2. NEGLIGENCE OF ASSIGNEE.—Mere negligence of an assignee for value before maturity of a note, will not subject him to all defenses which might be interposed against the payee. Bad faith or actual knowledge of the defense, must be expressly shown in order to make him subject to such defenses.

APPEAL from the Circuit Court of Peoria county; the Hon. JOSIAH McROBERTS, Judge, presiding.   Opinion filed February 3, 1880.

Messrs. GIBONS & STIPP, and Messrs. ECKELS & KYLE, for appellant; that the fraud and circumvention which avoids a note in the hands of a *bona fide* assignee, must be in obtaining the signature and not in the consideration, cited Clark v. Johnson, 54 Ill. 296.

If the defendant knew at the time that he was signing a promissory note, he is bound by it:   Elliott v. Levings, 54 Ill. 213;  Leach v. Nichols, 55 Ill. 273.

The maker must use proper care to avoid being imposed upon: Homes v. Hale, 71 Ill. 552.

An assignee of a note before maturity is not bound to make inquiry as to defenses: 76 Ill. 530; 79 Ill. 553.

Messrs. HENDERSON & TRIMBLE, and Mr. A. S. COLTON, for appellee; that although the defendant may have known he was signing a promissory note, the defense of fraud and circumvention may be interposed, cited Easter v. Minard, 26 Ill. 494; Richardson v. Schirtz, 59 Ill. 313.

It is negligence on the part of the purchaser of negotiable

paper to purchase without inquiring into the consideration of the apparent maker: Sims v. Bice, 67 Ill. 88; Taylor v. Atchison, 54 Ill. 196; Russell v. Hadduck, 3 Gilm. 233; Champion v. Ulmer, 70 Ill. 322.

Pleasants, J. This was a suit originally brought before a justice of the peace by the assignee against the maker of a note of which the following is a copy :

"P. O. Bradford, County of Stark, State of Illinois.
"$150                                        April 18, 1876.

" Six months after date, I or either of us promise to pay to A. W. Hall, or order, one hundred and fifty dollars, payable at First Nationa Bank of Princeton, Ill., for value received, with ten per cent. interest per annum from date, and reasonable attorney's fees if suit be instituted for the collection of this note.
"Due 187–                          John J. Culton,"
and which was endorsed, A. W. Hall, by H. K. White, his Attorney in fact.

Attached to it was a paper also signed by appellee which certified that he had bought of said Hall forty-eight Force Pump Washers, and in part payment executed said note, the import of which he understood, and which anyone was authorized to buy, and that to obtain the credit given he had stated to said Hall or his agent that he owned a farm of eighty acres, and other real estate, worth $4,000, and personal property of the value of $300 all free of incumbrance.

Neither the execution nor the assignment of said note was denied, and on the trial in the Circuit Court, plaintiff rested his case upon these papers alone. On the part of the defendant, the only evidence introduced was his own testimony, which in substance was that a man who said his name was A. W. Hall, called upon him at his farm and proposed to sell him the agency for the sale of the washer, which witness at first declined, but afterward accepted ; that the note was read to him by said Hall, as it is, excepting the provisions for interest and attorney's fees ; that the other paper was not read, but represented to be merely a certificate of his agency ; that his sight was defective, and he could not read writing at all, nor printing

without difficulty, nor could any person on the place except his son, who was "way back in the field ;" that he signed the papers, understanding that the note was a common promissory note, without interest or provision for attorney's fees, and then and there received twelve of the washers, which were worthless.

The court gave on behalf of the defendant the following instructions, among others:

1st. "The jury are instructed that if any fraud or circumvention is used in obtaining the making or executing of any note, such fraud or circumvention is a good defense against said note in the hands of an innocent assignee for value, as well as in the hands of the original payee."

4th. "The jury are instructed that when persons who are strangers offer to sell promissory notes, which have any marks of suspicion about them, the purchaser would be bound to take notice of such suspicious facts, and should protect himself by inquiring of the apparent maker; and if the jury believe from the evidence that the plaintiff in this case, or his agent, had reason to suspect that he was purchasing the note in question, which had suspicious marks about it, or knew of any suspicious circumstances, such as would induce a prudent man to inquire into the title of the holder, or the consideration of the paper, he was bound to make such inquiry; and if he neglected to do so, then he holds the note subject to any defense, which might have been interposed if it had remained in the hands of the original payee, and in that case the consideration may be inquired into, and the plaintiff can recover no more than the evidence shows the value of the machines to be which the defendant actually received, and if the evidence satisfies the jury that the machines received by the defendant were of no value, then the jury will find for the defendant. "

Of these the first is contrary to Homes v. Hale, 71 Ill. 556, and cases there cited, which hold that the exercise of due diligence and attention on the part of the maker of negotiable paper, to protect himself against imposition is a necessary element in the defense here relied on, as against an innocent assignee, before maturity. It is wholly omitted from this in-

Smith v. Culton.

struction, and the error is not cured by giving another which does embrace it.

The fourth is clearly erroneous. Mere negligence of the assignee for value before maturity, however gross, will not subject him to all defenses which might be interposed as against the payee.

The language of some earlier cases which might seem to sanction that view, is explained, and the doctrine that to defeat his right to recover, bad faith or actual knowledge of the defense must be shown expressly is expressly held in Comstock v. Hannah, 76 Ill. 530, and reaffirmed in Shreeves v. Allen, 79 Id. 553.

We are of opinion that the other instructions given for the defendant, not necessary to be here set out in full, are also faulty.

The second assumes the misreading of the note. While it is true that the appellee so testified, and no witness contradicted him, yet the fact was not admitted, and it should have been left to the jury to say whether the provisions for interest and attorney's fees were not too unimportant to furnish a motive for their suppression by the payee or to make a clear and lasting impression upon the memory of the witness.

The third declares that reasonable diligence on the part of the maker who is unable to read, would require him only to call upon some person "present" to read for him, while the court in Homes v. Hall, *supra*, add "or near by." It is hazardous to undertake to state as matter of law what is or is not diligence or negligence.

For the errors above indicated the judgment below for the defendant is reversed, and the case remanded.

Reversed and remanded.